UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 16-20130-CIV-SEITZ/WHITE

MANUEL MANNY MARTEL,

    Movant,

v.

UNITED STATES OF AMERICA,

    Defendant,

_____/

## ORDER OVERRULING OBJECTIONS

THIS CAUSE is before the Court on Movant's Objections to the Report of the Magistrate Judge [DE-22]. By order dated April 4, 2017, this Court affirmed and adopted the Report of Magistrate Judge [DE-16], in which Magistrate Judge White recommended that Movant's Motion to Vacate be denied, a certificate of appealability not be issued, and this case be closed. At the time the Court entered its Order Adopting Report, Movant had not filed any objections to the Report. Thereafter, on May 12, 2017, the Court received Movant's Motion for Extension of Time [DE-18], in which Movant sought additional time to file objections to the Report. A review of the motion indicated that it was timely mailed but took months for the Court to receive because it was mailed to the wrong address. The Court granted the Motion for Extension and gave Movant until June 30, 2017 to file his objections. The order further stated that the Court would reconsider the Report upon receipt of Movant's objections. Movant sought a second extension, which the Court granted, giving Movant until July 15, 2017 to file his objections. Movant has now filed his objections.

Movant raises three objections. First, Movant argues that he was entitled to an evidentiary hearing to determine whether he knowingly and voluntarily waived his direct appeal

rights. An evidentiary hearing, however, is not required if the § 2255 motion, the files, and the records "conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). In other words, an evidentiary hearing is not required when the movant's "allegations are affirmatively contradicted by the record or if such claims are partently frivolous." *Rosin v. U.S.*, 786 F.3d 873, 877 (11th Cir. 2015) (internal quotations omitted). An evidentiary hearing, however, is warranted if the movant "alleges facts that, if true, would entitle him to relief." *Id.* (internal quotation marks omitted).

As set out in the Report, the plea agreement Movant signed contained an appellate waiver. The Report quotes sections of the plea colloquy in which the Court discussed with Movant that the plea agreement contained an appellate waiver. After the Court explained what that meant, Movant stated that he made the waiver "freely and voluntarily." [Crim. DE-56 at 34:23-35:2.] After discussing with Movant all of the terms of the plea agreement, including the waiver, and making sure that he understood what the terms meant, the Court asked Movant if he made the decision to plead guilty freely and voluntarily and he answered yes. [*Id.* at 35:6-20.] Movant has presented no evidence to contradict his sworn statements at the change of plea. Thus, the record evidence clearly contradicts Movant's claim and he has not proffered any evidence that would warrant an evidentiary hearing. *See Chandler v. McDonough*, 471 F.3d 1360 (11th Cir. 2006) (no hearing warranted in the absence of a factual proffer). Accordingly, Movant's first objection is overruled.

Second, Movant argues that an appellate court, on direct appeal, should be addressing whether he is entitled to credit for his time served in a Spanish prison. However, as set out in the

Report and above, Movant waived his appellate rights in the plea agreement. Consequently, this objection is overruled.

Finally, Movant objects to the Report's findings that Movant understood the terms of the plea agreement, his appellate waiver, and that he would not get credit for the time he served in Spain. However, the transcript of the change of plea belies these arguments. The Court repeatedly asked Movant if he understood the terms of the plea agreement and that he was waiving his appellate rights. It also specifically addressed the fact that Movant could not receive credit for the time he served in Spain. There is nothing in the record to indicate that he did not understand what was going on and what the terms of the plea agreement were. Furthermore, there is s strong presumption that sworn statements made during a plea colloquy are true. *U.S. v. Medlock*, 12 F.3d 185, 187 (11th Cir. 1994). Because of this presumption, a collateral attack based on the "subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Therefore, this objection is overruled.

*The Court Will Not Issue A Certificate of Appealability*

The Court will deny issuance of a certificate of appealability for Movant's motion pursuant to Rule 11 of the Rules Governing Section 2255 Cases. The Court, having established grounds for entering a "final order adverse to the applicant" on his motion, "must issue or deny a certificate of appealability." In order to obtain a certificate of appealability, Movant must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard is satisfied "by demonstrating that jurists of reason could disagree with the district

3

court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Jones v. Secretary*, 607 F.3d 1346, 1349 (11th Cir. 2010) (quotation omitted). Here, Movant has not made this showing.

Thus, having carefully reviewed, *de novo*, Magistrate Judge White's Report, the record, and Movant's objections, it is

ORDERED that:

(1) The Report of Magistrate Judge [DE-15] is AFFIRMED and ADOPTED,[1] and incorporated by reference into this Court's Order;

(2) Movant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct a Sentence [DE-1] is DENIED.

(3) Movant's Objections [DE-22] are OVERRULED.

(4) All pending motions not otherwise ruled upon in this Order are DENIED AS MOOT;

(5) The Court will not issue a Certificate of Appealability; and

(6) This case is CLOSED.

DONE and ORDERED in Miami, Florida, this 5th day of September, 2017.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc: Magistrate Judge White
All Counsel of Record

---

[1] The Court affirms and adopts the Report with the following correction: on page 4, the second to last sentence in the only full paragraph should read, "Counsel discussed each of the plea agreement's fourteen paragraphs with Movant so he could understand what it meant and the impact on him."